UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZOWDI GENET O'RYAN,

          Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

          Defendant.

Case No. C17-0689RSL

**ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS**

Zowdie Genet O'Ryan appeals the decision of the administrative law judge ("ALJ") finding her not disabled. She contends the ALJ's residual functional capacity ("RFC") determination fails to account for all limitations assessed by Shelly K. Woodward, Ph.D., and that the ALJ erroneously rejected Ms. O'Ryan's testimony. She also contends that the case should be remanded to consider new and material evidence. Dkt. 9 at 1-2. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Ms. O'Ryan has not engaged in substantial gainful activity since April 4,

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

2013.

**Step two:** Ms. O'Ryan has the following severe impairments: major depressive disorder, schizophrenia, and anxiety.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Ms. O'Ryan can perform the full range of work at all exertional levels except she can perform unskilled work with occasional interaction with coworkers and supervisors but no interaction with the general public. She can adapt to routine work changes.

**Step four:** Ms. O'Ryan has no past relevant work.

**Step five:** Ms. Ryan can perform jobs that exist in significant numbers in the national economy and is not disabled.

Tr. 17-22. The ALJ's decision is the Commissioner's final decision because the Appeals Council denied review. Tr.1.[3]

## DISCUSSION

**A.     Dr. Woodward's Opinions**

Ms. O'Ryan contends the ALJ's RFC determination erroneously fails to account for all limitations assessed by Shelly K. Woodward, Ph.D. In Dr. Woodward's opinion, Ms. O'Ryan:

> is likely to have difficulty maintaining attention and concentration for extended periods; performing activities within a schedule; making complex work-related decision; completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods. She appears to have some limitation and social interactions. She may have difficulty working in coordination with or proximity to others without being distracted by them. She would have difficulty adapting to new or unfamiliar situations or environments.

---

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

Tr. 20 (citing Tr. 408-09). The ALJ stated "great weight is given to Dr. Woodward's opinion because it is consistent with the record as a whole." *Id.* Although the ALJ gave great weight to Dr. Woodward's opinions, the ALJ's RFC determination fails to account for the doctor's opinion that Ms. O'Ryan has difficulty maintaining attention and concentration for extended periods; difficulty performing activities within a schedule and completing a normal workday and workweek without interruptions from psychologically based symptoms; and difficulty performing at a consistent pace without an unreasonable number and length of rest periods.

The Commissioner argues the ALJ's RFC determination accounts for all of these limitations. The argument is contradicted by the record as the RFC determination plainly fails to account for the limitations listed above. The Commissioner also argues that Dr. Woodward "did not assess any specific work related limitations" and did not "provide any evidence requiring the ALJ to develop." Dkt. 10 at 11-12. This argument contradicts the first. In the first, the Commissioner claims the ALJ accounted for all limitations. In the second, the Commissioner claims the doctor assessed no limitations, and hence there was nothing for the ALJ to "develop" or include in the RFC.

The second argument not only contradicts the first argument, it is also belied by the record. The ALJ recited Dr. Woodward's opinions and gave them "great weight." There is nothing in the ALJ's decision supporting the notion that the ALJ found the doctor did not assess functional limitations. Nor is there anything in the ALJ's decision indicating the ALJ rejected portions of Dr. Woodward's opinions. The Commissioner's argument is thus little more than speculation. At most, it is an improper post-hoc rationalization that this Court cannot rely on to affirm the ALJ. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not post

hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 1995).

In sum, the ALJ erroneously failed to account for limitations Dr. Woodward assessed. The error is harmful because the RFC and hypothetical questions to a vocational expert must include all of the claimant's limitations; they did not. *See* 20 C.F.R. § 416.945(a); *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002).

**B.     Ms. O'Ryan's Testimony**

Ms. O'Ryan argues that the ALJ erroneously discounted her symptom testimony. Revised Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *13, directs the ALJ as to how he or she should evaluate a claimant's statements.[4] The SSR has an effective date of March 28, 2016, and thus applies to the ALJ's decision here. SSR 16-3p eliminates the use of the term "credibility" and instead focuses on an evidence-based analysis of the administrative record to determine whether the nature, intensity, frequency, or severity of an individual's symptoms impact his or her ability to work. The SSR also states "in evaluating an individual's symptoms, it is not sufficient for our adjudicators to make a single conclusory statement that "the individual's statements about his or her symptoms have been considered," or that "the statement about the individual's symptoms are (or are not) supported or consistent." Further "the determination must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated."

---

[4] SSRs do not have the force of law. Nevertheless, they "constitute Social Security Administration (SSA) interpretations of the statute it administers and of its own regulations," and are binding on all SSA adjudicators. 20 C.F.R. § 402.35(b); *Holohan v. Massanari*, 246 F.3d 195, 1203 n.1 (9th Cir. 2001). Accordingly, such rulings are given deference by the courts "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

SSR 16-3p does not, however, alter the standards by which courts will evaluate an ALJ's reasons for discounting a claimant's testimony. To reject a claimant's complaints, an ALJ must provide "specific, cogent reasons" and, absent affirmative evidence of malingering, must have "clear and convincing" reasons for rejecting a claimant's testimony. *Morgan v. Commissioner of SSA*, 169 F.3d 595, 599 (9th Cir. 1999); *see Carmickle v. Commissioner, SSA*, 533 F.3d 1155, 1160 (9th Cir. 2008).[5]

The ALJ rejected Ms. O'Ryan's testimony as inconsistent with her medical treatment record. Tr. 19. Substantial evidence does not support the finding. The ALJ found Ms. O'Ryan improved with treatment after her admission for in-patient care in 2013. *Id.* But while Ms. O'Ryan might have improved from illness so severe she had to be hospitalized, there is nothing showing her improvement contradicts her testimony. In fact her testimony tends to be supported by Dr. Woodward's evaluation in which the doctor found significant functional impairments, all of which the ALJ accorded great weight.

The ALJ also discounted Ms. O'Ryan's testimony on the grounds she did not receive the type of medical treatment one would expect of a disabled individual and because she has gaps in her mental health treatment history. Tr. 20. But the ALJ must also consider possible reasons Ms. O'Ryan did not obtain more treatment for her mental illness symptoms. This is particularly important in the case of mental impairments, because a person suffering from a mental illness may not realize that he needs medication or even that his "condition reflects a potentially serious mental illness." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). For this reason, it is "a questionable practice to chastise one with a mental impairment for the exercise of poor judgment

---

[5] In *Carmickle*, the Ninth Circuit rejected the proposition that there had to be a specific *finding* of malingering; rather, it was sufficient that there be *affirmative evidence* suggesting malingering. *See Carmickle*, 533 F.3d at 1160 n.1.

in seeking rehabilitation." *Id.* The ALJ thus erred in discounting Ms. O'Ryan's testimony on the grounds that she did not get more mental health treatment and/or had gaps in her mental health treatment.

The ALJ also discounted Ms. O'Ryan's testimony as inconsistent with her daily activities. Tr. 20. The ALJ noted Ms. O'Ryan can groom herself, go outside once a day, change and count money, watch T.V., go to the store, and spend time with friends. These minimal activities are an insufficient basis to reject Ms. O'Ryan's testimony. The ALJ may not penalize a claimant for attempting to live a normal life in the face of her limitations. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007 (*quoting Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir. 2001)).

Of course the ALJ may consider contradictions between a claimant's reported activities and her asserted limitations. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Here the ALJ noted Ms. O'Ryan reported difficulty with personal care and the need for reminders. However, these difficulties appear consistent with Dr. Woodward's observation that Ms. O'Ryan dressed "casually," her hair was "a bit disheveled," and that Ms. O'Ryan was late for the evaluation and had to call "for additional directions." Tr. 404-05.

And finally the ALJ rejected Ms. O'Ryan's testimony because she stopped working in 2011 for reasons unrelated to disability and because her sporadic work history raises questions whether she is actually disabled. Tr. 21. Substantial evidence does not support the first ground to reject Ms. O'Ryan's testimony. The ALJ did not identify any evidence establishing Ms. O'Ryan was able to work in 2011 and stopped for non-disability reasons. The facts regarding the 2011

1 job and how the job ended are unclear. If anything, the record suggests the 2011 work attempt
2 was short-lived and a failure—Ms. O'Ryan's reported FICA earnings for that year is zero. Tr.
3 226.
4     As to Ms. O'Ryan's sporadic work history, this is "character" evidence that runs afoul of
5 SSR 16-3p's directive that:

> [i]n evaluating an individual's symptoms, our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person. Rather, our adjudicators will focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicators evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities . . . .

2017 WL 5180304, at *11. The ALJ erroneously focused on whether Ms. O'Ryan could work prior to the time that she claims she became disabled. The suggestion is that Ms. O'Ryan is not credible because her sporadic work history indicates that although she could perform work in the past, she was too lazy to do so; ergo, she is not credible now as to the severity of her mental health problems. This type of credibility assessment cannot be squared with the SSR's directive that the adjudicator "will not assess an individual's overall character or truthfulness." Accordingly, the Court concludes the ALJ erred in rejecting Ms. O'Ryan's testimony.

**C.   New and Material Evidence**

The Court need not address whether the evaluation offered by Phyllis Sanchez, Ph.D., is new and material evidence that mandates remand because, as noted above, the ALJ erred and the matter will be remanded for further proceedings. On remand, the ALJ and parties may address Dr. Sanchez's evaluation and any other evidence relevant to Ms. O'Ryan's disability claim.

## CONCLUSION

The Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g) On remand, the ALJ shall reassess Dr, Woodward's opinions and Ms. O'Ryan's testimony, develop the record and reevaluate Ms. O'Ryan's RFC as needed and proceed to step five.

Dated this 7th day of March, 2018.

*Robert S. Lasnik* (signature)
ROBERT S. LASNIK
United States District Judge